**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL W. HUDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TERRY BRIAN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:08-cv-00249 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO DISMISS<br><br>(Doc. 23) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that while housed at Kern Valley State Prison (KVSP), Defendants retaliated against him, by filing false police reports charging him with battery on a peace officer, because he filed an inmate complaint against defendant Brian for serving him a cold meal. Defendant Volker filed this motion to dismiss, arguing that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

**I.    Exhaustion standard**

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that

the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third-level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d at 1119.

Under CDCR regulations an inmate must file his prisoner grievance within fifteen days of the events grieved. If Plaintiff failed to exhaust the available administrative remedies, by filing a late grievance, this case must be dismissed. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Furthermore, all steps of the grievance process must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him. Prisoners must exhaust all "available" remedies, not just those that meet federal standards. Id. A "prisoner must exhaust administrative remedies even where the relief sought--monetary damages--cannot be granted by the administrative process." Id. Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

**II.   Analysis**

Defendant Volker contends that the matter should be dismissed as to him because Plaintiff failed to name him in his grievance. (Doc. 23) It appears undisputed, from reviewing Plaintiff's appeal to the Director's Level related to this grievance, that the only KVSP employee named by Plaintiff for misconduct was Defendant Brian. (Doc. 23, Ex A to Tarnoff Dec) However, Plaintiff indicates in his appeal that *both* Defendant Brian and "the control booth officer" "have it in for [him]" and that "the control booth officer" was Brian's witness. Id. Notably, "the control booth officer" was Defendant Volker. (Doc. 1, report authored by Robert Volker)

1    On the other hand, the Director's Level appeal makes clear that KSVP did not decide Plaintiff's appeal *only* as to Defendant Brian but as to "staff." The appeal noted,

> You claim staff threatened you, harassed you, used profanity, and falsely accused you of Battery on a Peace Officer on July 2, 2007, while in B3-225L, when Correctional Officer T. Brian (B3-Floor #1 Officer) accused you of being a liar in the appeal complaint you filed regarding receiving cold food. You also claim staff threatened to write you up for being a liar in the cold food issue and acting like he would spray you for not coming to the door when ordered to do so. Staff also harassed you by standing at your door yelling your name and used profanity when he claimed you were so bitchy. **Furthermore, you claim staff falsely accused you of Battery on a Peace Officer and placed you in Administrative Segregation (Ad Seg)**.

(Emphasis added.)

In any event, Plaintiff was not required to name every KVSP staff member that he believed played a role in the incident that forms the basis for his litigation. In <u>Jones v. Bock</u>, 549 U.S. 199, 217 (2007), the Court held, "The PLRA requires exhaustion of 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement . . ." The Court continued,

> In <u>Woodford</u>, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at 88, 126 S. Ct. 2378, 165 L. Ed. 2d 368, 377 –rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' **The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.**

(Emphasis added.)

Here, the California Department of Corrections and Rehabilitation requires only that, "Appellant shall . . . describe the problem and action requested." (Doc. 23, Ex. A to Notice of Lodging § 3084.2) The Court has not located, in any of the documents submitted by Volker, nor did Volker cite to, any regulation that required Plaintiff to name every employee in his grievance as a prerequisite to suing the employees. This Court has rejected such an approach. Recently, in <u>Womack v. Bakewell</u>, 2010 U.S. Dist. LEXIS 93346 (E.D. Cal. Sept. 7, 2010), this Court held, "California regulations do not require an inmate to specifically identify a prison official in a grievance. Therefore a California inmate need not name a particular individual during the grievance process in order to name that person as a defendant and meet the PLRA's exhaustion requirement by the time he files suit. See <u>Jones v. Bock</u>, 549 U.S. 199,

3

1  218-219, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005)."

Because there is no dispute that Plaintiff exhausted his administrative remedies regarding the *incident*, he has satisfied his obligations under the PLRA as to all defendants named in the complaint. Therefore, the Court recommends that the motion to dismiss be **DENIED**.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. The motion to dismiss be **DENIED**.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 27, 2010**                                  **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE