IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUDSON, | Case No. 1:08-cv-00249 AWI JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 46) |
| TERRY BRIAN, et al., | |
| Defendants. | |
| _____/ | |

On May 24, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, see Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. First, after a review of the record in this case, the Court cannot conclude that Plaintiff is likely to succeed

on the merits of this case. Defendants have presented evidence in connection with their motion for summary judgment that may allow a jury to find in their favor.[1] Second, even if it is assumed that Plaintiff is not well-versed in the law and currently has reduced access to the law library, the case is not so legally complex that counsel is necessary. This case involves relatively straight-forward First Amendment retaliation claims against two defendants. As shown by his successful opposition to Defendants' motion for summary judgment, Plaintiff has demonstrated his ability to adequately articulate and defend his legal claims.

Without a reasonable method of securing and compensating counsel, the Court will seek the assistance of volunteer counsel only in the most serious and complex of cases. The Court finds that this case is not one of those exceptional cases requiring counsel.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's May 24, 2011 motion for appointment of counsel (Doc. 46) is **DENIED**.

IT IS SO ORDERED.

Dated:  **May 26, 2011**                                **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] By order filed May 13, 2011, Defendants' motion for summary judgment was denied. (Doc. 43.)