**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TERRY BRIAN; ROBERT VOLKER,<br><br>        Defendants. | 1:08-cv-00249-AWI-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE<br><br>(Docs. 92, 95) |

## I. INTRODUCTION

Plaintiff Michael Hudson has filed a motion for new trial and a motion for production of transcripts at government expense. For reasons discussed below, the motions shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 20, 2008, plaintiff Michael Hudson, an inmate (hereinafter referred to as "Plaintiff"), filed his complaint against defendants Terry Brian and Robert Volker, correctional officers (hereinafter referred to as "Defendants"), for civil rights violations pursuant to 42 U.S.C. § 1983, alleging Defendants filed a false California Department of Corrections and Rehabilitation (CDCR)

rules violation report charging him with battery on a peace officer in retaliation for exercising his First Amendment right to the prison grievance process. On February 3, 2012, at the conclusion of a three-day trial, the jury returned a verdict of not liable, finding neither defendant retaliated against Plaintiff in violation of his First Amendment rights. On February 23, 2012, Plaintiff filed a motion for new trial. On March 1, 2012, Defendants filed their opposition to Plaintiff's motion for new trial. On March 8, 2012, Plaintiff filed his motion for transcripts at government expense.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59 provides in pertinent part: "The court may, on motion, grant a new trial on all of some of the issues–and to any party–as follows: [¶] (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). " 'Rule 59 does not specify the grounds on which a motion for new trial may be granted.' Rather, the court is 'bound by those grounds that have been historically recognized.' Historically recognized grounds include, but are not limited to, claims 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.' We have held that '[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.' " *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (internal citations omitted). A Rule 59 motion is "confided to the discretion of the trial court, whose decision will be overturned . . . only for abuse of discretion." *Kode v. Carlson,* 596 F.3d 608, 611 (9th Cir. 2010) (citing *Philippine Nat. Oil Co. v. Garrett Corp.,* 724 F.3d 803, 805 (9th Cir. 1984)).

### IV. DISCUSSION

*A. Plaintiff's motion for new trial* – As a threshold matter, Plaintiff contends a new trial should be

2

granted because the verdict was "based upon false or perjurious evidence" presented by Defendants. In particular, Plaintiff contends that on the stand, defense witness and Kern Valley State Prison correctional counselor Dina Tarnoff "explain [sic] under oath 'a review of appeal files show that Plaintiff did not submit any inmate appeal that concern [sic] 'battery on a peace officer' was a retaliation [sic] nor that he was being served cold breakfast against Officer [sic] Brian and Volker." Plaintiff contends the statements made by Tarnoff were perjurious because they directly contradicted the declaration Tarnoff submitted in support of defendant Volker's March 22, 2010 motion to dismiss the complaint. Having reviewed the record and all competent and admissible evidence submitted by the parties, the Court finds no support for Plaintiff's characterization of Tarnoff's trial testimony nor any inconsistencies between Tarnoff's trial testimony and her declaration.

Plaintiff further contends a new trial should be granted because defense counsel questioned him on the stand about the length of his sentence, even though counsel "knew and understood that plaintiffs [sic] conviction was over ten 10 [sic] yrs [sic] old and would be inadmissible." Plaintiff contends Defendants should have filed a motion in limine to determine whether evidence of his conviction and sentence was admissible. Even if the Court were to accept the proposition that counsel's examination of Plaintiff constituted improper admission of impeachment evidence, "improper admission of evidence is not grounds for granting a new trial unless it constitutes prejudicial error." *Morgan v. Woessner,* 997 F.2d 1244, 1261 (9th Cir. 1993). The Court sustained Plaintiff's objection and, after conferring with the parties outside the presence of the jury, instructed the jury that the length of Plaintiff's incarceration was irrelevant and not to consider it in its deliberations. In the Court's view, this instruction was sufficient to cure any prejudice that may have resulted. *See Weeks v. Angelone,* 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000) ("A jury is presumed to follow its instructions"). To the extent Plaintiff intends to suggest counsel's conduct in posing the questions warrants a new trial, Plaintiff must show the conduct "sufficiently permeate[d] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Standard Oil Co. of California v. Perkins,* 347 F.2d 379, 388 (9th

Cir. 1965). That was not done here. Accordingly, Plaintiff's motion for new trial shall be denied.

***B. Plaintiff's motion for transcripts at government expense*** – Plaintiff, pursuant to the Ninth Circuit's March 6, 2012 order granting him leave to proceed in forma pauperis with his appeal of final judgment, further moves for production of trial transcripts at government expense. "Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference;" fees for transcripts furnished outside of criminal proceedings or habeas petitions to persons appealing in forma pauperis, as here, "shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The appellant "has the burden of demonstrating nonfrivolity and substantiality of the claims." *Randle v. Franklin,* slip copy, 2012 WL 201757 (E.D.Cal. January 23, 2012), at *2 (citing *Maloney v. E.I. du Pont de Nemours & Co.,* 396 F.2d 939, 940 (D.C.Cir. 1967)). In his motion and accompanying declaration, Plaintiff contends in conclusory fashion that he needs the transcripts simply so he "may appeal," but fails to identify any of the issues he presumably intends to raise. Under these circumstances, Plaintiff cannot demonstrate his appeal is not frivolous and presents a substantial question, and his motion for production of trial transcripts must be denied.

## V. DISPOSITION

Based on the foregoing, the motions of plaintiff Michael Hudson for new trial and for production of transcripts at government expense are DENIED.

IT IS SO ORDERED.

Dated:  March 23, 2012

CHIEF UNITED STATES DISTRICT JUDGE