# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUDSON, | CASE NO. 1:08-cv-00249-AWI JLT PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50 |
| v. | |
| TERRY BRIAN and ROBERT VOLKER, | |
| Defendants. | (Document #86) |

On February 2, 2012, a jury returned a verdict in favor of Defendants in this action. On February 8, 2012, Plaintiff filed a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Plaintiff then filed an appeal. A review of the docket in this action reveals that Plaintiff's Rule 50 motion remains pending. While the filing of a notice of appeal generally divests a district court of jurisdiction, Rule 62.1 of the Federal Rules of Civil Procedure allows the court jurisdiction to address a pending Rule 50 motion. See Fed. R. Civ. P. 62.1(a)(2).

Motions for judgment as a matter of law are governed by Rule 50. Rule 50(a) governs pre-verdict motions while Rule 50(b) applies to post-verdict motions. Rule 50(a) allows the court to resolve an issue against a party or grant a motion for a judgment as a matter of law if, after a party has been fully heard on an issue, "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. Pro. 50(a). A motion for judgment as a matter of law pursuant to Rule 50(b) is appropriate when the

evidence permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.  Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir. 2009).

The procedural requirements for filing a motion for a judgment as a matter of law are clearly set forth in Rule 50(b), and read as follows:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. Pro. 50.  The Ninth Circuit has strictly construed Rule 50(b) and held the "failure to file a Rule 50(a) motion precludes consideration of a Rule 50(b) motion for judgment as a matter of law." Tortu v. Las Vegas Metropolitan Police Dept., 556 F.3d 1075, 1083 (9th Cir. 2009); see also Nitco Holding Corp. v. Boujikian, 491 F.3d 1086, 1089-90 (9th Cir. 2007) (finding appellant waived challenge under Rule 50(b) by not properly bringing motion pre-verdict motion pursuant to Rule 50(a)).

Plaintiff did not move for judgment as a matter of law under Rule 50(a) prior to the close of the case and before the verdict.  Thus, Plaintiff is foreclosed from moving for judgment as a matter of law at this point in the proceedings.

Accordingly, Plaintiff's motion for judgment as a matter of law pursuant to Rule 50 is DENIED.

IT IS SO ORDERED.

Dated:   January 7, 2013

UNITED STATES DISTRICT JUDGE